```
         UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

DONALD MORABITO,                  :
                                  :
          Petitioner              :
                                  :   CIVIL NO. 1:CV-06-0514
     vs.                          :
                                  :   (Judge Caldwell)
DONALD KELCHNER, et al.,          :
                                  :
          Respondents.            :
```

*M E M O R A N D U M*

*I.     Introduction*.

On March 10, 2006, Petitioner, Donald Morabito, a state prisoner currently housed at the Cresson State Correctional Institution ("SCI-Cresson"),[1] filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction in the Court of Common Pleas of Philadelphia County.  Morabito proceeds pro se and has filed an application to proceed in forma pauperis.  A discovery motion is pending, and Petitioner recently filed an amendment to his petition.  (*See* Doc. 5).

The petition cannot be considered under section 2241 since it is a challenge to Petitioner's conviction.  Because Petitioner requests in the alternative that it be considered under 28 U.S.C. § 2254, we will transfer the petition to the United

---

[1] Morabito initiated this action while housed at SCI-Camp Hill, Camp Hill, Pennsylvania, which is located in the Middle District.

States District Court for the Eastern District of Pennsylvania, the federal judicial district where the state court of conviction is located.

*II.   Background.*

According to the petition, Morabito was arrested by the Philadelphia police on May 17, 2004. Petitioner allegedly defrauded several bidders who paid for computers offered by Morabito on E-Bay but which were never delivered. In January 2005, Petitioner was arraigned in absentia in the Court of Common Pleas of Philadelphia County. On September 27, 2005, a jury found Morabito guilty of: four counts of theft by deception (18 Pa.C.S. § 3927); four counts of theft by failure to make required disposition of funds (18 Pa. C.S. § 3927); and four counts of unlawful use of a computer (18 Pa. C.S. § 7611). Petitioner was sentenced on December 14, 2005, to a term of five to ten years' imprisonment plus four years' probation, along with restitution in the amount of $11,396.

In the instant § 2241 petition, Morabito raises the following claims: (1) he was improperly arraigned in absentia; and (2) the criminal informations lodged against him were unconstitutionally vague and thus divested the trial court of jurisdiction to try and sentence him on the offenses.

He also argues that if the Court does not have jurisdiction over his § 2241 petition, "as an alternative, petitioner argues that the Court has jurisdiction under 28 U.S.C. Section 2254." (Doc. 5, Petitioner's Amendment and Supplement to His 28 U.S.C. Section 2241 Petition).

III.   *Discussion*.

Morabito's claims attack the validity of his conviction and sentence. He has filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

> Section 2241 provides jurisdiction to district
> courts to issue writs of habeas corpus in
> response to a petition from a state or federal
> prisoner who is in custody in violation of the
> Constitution or laws or treaties of the United
> States. Section 2254 provides jurisdiction to
> district courts to issue writs of habeas
> corpus on behalf of a person in custody
> pursuant to the judgment of a State court ...
> on the ground that he is in custody in
> violation of the Constitution or laws or
> treaties of the United States.

*Woodard v. Diguglielmo*, Civ. No. 05-1109, 2006 WL 293435 *3 (E.D. Pa. Feb. 3, 2006). Although seemingly similar, § 2241 is not an alternative to 28 U.S.C. § 2254. *See Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 ("authority to grant habeas corpus relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a

3

state court"). When challenging the validity, and not the execution, of his sentence a state prisoner must rely on the more specific provisions of § 2254 and may not proceed under § 2241. *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Thus, Morabito's proper avenue of relief is a section 2254 petition, filed in the district court of his place of conviction, unless he can show that the remedy under section 2254 would be "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255; *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). Section 2241 should not be used as a way of evading the gatekeeping provisions of section 2255. *Id*. at 251.
When a petitioner attempts to seek relief from the imposition of sentence under 28 U.S.C. § 2241, the habeas petition is dismissed for lack of subject-matter jurisdiction.

     Morabito has not shown that § 2254 would be an inadequate or ineffective remedy to address the claims raised in his § 2241 petition. Clearly, Petitioner's claims should be brought by way of a § 2254 petition filed in the district court of the place of his conviction. Morabito is presumably aware of the potential jurisdictional problem for this court to entertain his petition pursuant to § 2241, since he suggests as an alternative to dismissing his action that "the Court has jurisdiction under 28 U.S.C. Section § 2254" to consider his petition. Based on this,

we will construe Morabito's habeas petition as being filed pursuant to § 2254 and transfer the matter pursuant to 28 U.S.C. § 2241(d)[2] to the United States District Court for the Eastern District of Pennsylvania for further consideration. *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 30, 2006

---

[2] Title 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD MORABITO,                       :
                                       :
          Petitioner                   :
                                       :   CIVIL NO. 1:CV-06-0514
     vs.                               :
                                       :   (Judge Caldwell)
DONALD KELCHNER, et al.,               :
                                       :
          Respondents.                 :


*O R D E R*

AND NOW, this 27th day of March, 2006, it is ordered that:

1. The Court will construe Morabito's "28 U.S.C. Section 2241 Petition" (doc. 1), as filed pursuant to 28 U.S.C. § 2254.

2. The Clerk of Court is directed to transfer this case to the United States District Court for the Eastern District of Pennsylvania.

3. The Clerk of Court is directed to close the case.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge